Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA DAVIS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ELEMENT SERVICES LLC, a California limited liability company, JOSEPHINE MENDOZA, an individual<br><br>Defendants. | Case No.: 3:19-cv-02685<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.  Plaintiff CHRISTINA DAVIS ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant ELEMENT SERVICES LLC and Defendant JOSEPHINE MENDOZA (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. Defendants are businesses that refinance student loans. As a primary part of their marketing efforts, Defendants and their agents placed thousands of automated calls employing a prerecorded voice message to cell phones and residential phones nationwide.

3. Unfortunately, Defendants did not obtain consent prior to placing these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff CHRISTINA DAVIS is a natural person and is a citizen of the Northern District of California.

9. Defendant ELEMENT SERVICES LLC (Defendant "Element") is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 23986 Aliso Creek Road #701, Laguna Niguel, Orange County, California 92677.

10. Defendant JOSEPHINE MENDOZA (Defendant "Mendoza") is a natural person who, upon information and belief, is a resident of San Bernardino County, California. Defendant Mendoza is the manager of Defendant Element and responsible for the allegations of Defendant Element herein.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendants sell student loan refinancing.

15. As a primary means of marketing their services, Defendants called and played prerecorded voice messages to thousands or possibly tens of thousands of phones at once.

16. When the Class members answered their phones expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

17. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding their phones with illegal prerecorded voice messages.

## FACTS SPECIFIC TO PLAINTIFF CHRISTINA DAVIS

18. On May 10, 2019 at 1:04 P.M., Plaintiff received a call from Defendants and/or their agents on Plaintiff's cell phone.

19. When Plaintiff listened to the message, Plaintiff heard a prerecorded voice advertising Defendants services refinancing student loans.

20. The prerecorded voice message said she was Elizabeth Miller and asked to be called back at 866-291-9889.

21. Calling the number back connected with Defendants.

22. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants and has never requested that Defendants contact him in any manner.

## CLASS ALLEGATIONS

23. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular or residential telephone; (4) that was called using an autodialer and/or played a prerecorded voice message; (5) for the purpose of promoting Defendants' services; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

24. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

26. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on

behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

28. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i. Whether Defendants' conduct violated the TCPA;
   ii. Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;
   iii. Whether Defendants called and played its voice recordings to thousands of cell phones;
   iv. Whether Defendants obtained prior written consent prior to contacting any members of the Class;
   v. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all

parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION

## Violation of 47 U.S.C. § 227

### (On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. Defendants and/or its agent placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

33. Defendants' calls were made for a commercial purpose.

34. Defendants played a prerecorded voice message to the cell phone and/or residential phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

36. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

37. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CHRISTINA DAVIS, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff CHRISTINA DAVIS as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 17, 2019

Respectfully submitted,

CHRISTINA DAVIS, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch               .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff and the Putative Class*